Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4368 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Dorsey vs. Sheahan | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby grants defendants' motion to dismiss. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| No notices required, advised in open court. | | | **Document Number** |
| No notices required. | | number of notices | |
| Notices mailed by judge's staff. | | | |
| Notified counsel by telephone. | FEB 24 2004 | | |
| ✓ Docketing to mail notices. | date docketed | | 20 |
| Mail AO 450 form. | | docketing deputy initials | |
| Copy to judge/magistrate judge. | | | |
| MW courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

FEB 2 4 2004

EARL DORSEY, JR., )
)
        **Plaintiff,** )
)
       **v.** )    **No. 03 C 4368**
)
COOK COUNTY SHERIFF MICHAEL )
SHEAHAN, OFFICER A. BROWN, JOHN )
MAUL, CHIEF S. VIVADO and )
SGT. KAZKOFF, )
)
        **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

    Plaintiff Earl Dorsey, Jr. ("Dorsey") is an inmate at the Cook County Jail. Dorsey alleges that on April 1, 2003 a fight broke out amongst the inmates in his cell block. He contends that after the fight ended the guards ordered all the inmates out of their cells. According to Dorsey, he was putting his shirt on as he exited his cell and Defendant "A. Brown" ("Brown") struck Dorsey in the jaw. Dorsey claims that the fight was over by that point and he in no way provoked Brown. Dorsey claims that afterwards his jaw was swollen and painful and that he was

1



taken to the hospital. After the incident Dorsey claims that Defendant Sergeant Robert

Krauskopf ("Krauskopf") threatened to retaliate against Dorsey if he filed a complaint or civil

suit regarding the incident. Dorsey alleges that Krauskopf told him that if he "filed any

complaints or court action that the county would give me a case for fighting a officer even

thought I had nothing to do with anything." [sic.]. Dorsey also alleges that the medical staff at

the jail were deliberately indifferent to his medical needs. He filed the instant complaint *pro se*

alleging that Defendants violated his constitutional rights in violation of 42 U.S.C. § 1983

("Section 1983").


## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the

plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v.

Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939

F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a

failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the

"operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448,

444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff

need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*,

286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must

2

"provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. Complaints filed by *pro se* litigants are to be construed liberally and are not to be held to the same standard as those drafted by attorneys. *Mc Cormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

Defendants seek to dismiss claims against the various Defendants both in their individual capacities and in their official capacities.

### I. Official Capacity Claims

Defendants seek to dismiss all claims against Defendants in their official capacities. A suit against an individual defendant in his official capacity is the equivalent of a suit against the governmental entity the individual represents. *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). Therefore, to the extent that Dorsey seeks to sue Defendants in their official capacity Dorsey is in essence suing Cook County. The doctrine of *respondeat superior* cannot be utilized to hold local governmental units liable for Section 1983 violations "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs. Of Bartholomew County, Indiana*, 183 F.3d 734 , 737 (7th Cir. 1999)(stating that county could not be held liable unless violation was caused by county policy); *Gossmeyer*, 128 F.3d at 494.

Defendants argue that Dorsey merely complains about the officer hitting him and the

3

other officer threatening to retaliate against him and Dorsey fails to allege that any County policy or custom caused him harm. We agree that Dorsey's complaint is focused on the alleged wrongdoing by Brown and the alleged retaliation by Krauskopf. He does not allege that any County policy or custom is responsible for the alleged misconduct. Therefore, we grant the motion to dismiss all official capacity claims.


## II. Individual Capacity Claims

Defendants also seek to dismiss all individual capacity claims because: some of the Defendants were not personally involved in the alleged misconduct, some of the Defendants are entitled to qualified immunity, Dorsey failed to exhaust his administrative remedies, and Dorsey failed to state a proper retaliation claim.


### A. Defendants' Personal Involvement

The doctrine of *respondeat superior* cannot be utilized for a Section 1983 claim to hold persons liable that are not involved in the alleged wrongful conduct. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, in order to hold a defendant liable in his individual capacity the individual defendant must be "personally responsible for the deprivation of a constitutional right," which can be illustrated by the fact that the defendant "directed the conduct causing the constitutional violation," the violation "occurred with his knowledge or consent," or that the defendant acted with "'deliberate, reckless indifference' for the conduct of subordinates." *Id.*

Dorsey has not alleged that Defendant Michael Sheahan ("Sheahan") had any personal

4

involvement in the alleged wrongful conduct which harmed Dorsey. Neither has Dorsey alleged any personal involvement by Defendant "Chief S. Vivado" ("Vivado") in the Brown incident, the threat of retaliation, or the inadequate medical care. Dorsey has not made any allegations that would suggest that Sheahan or Vivado turned a blind eye to the officers in question. Therefore, we grant the motion to dismiss all individual capacity claims against Sheahan and Vivado.

Defendants also seek to dismiss individual capacity claims against Defendant John Maul ("Maul"). In his complaint Dorsey makes mention of filing a prison grievance and states: "The Administration is completely ignoring me." In his answer brief Dorsey further elucidates that Maul "is in charg [sic] of Div 11 and he does nothng [sic] to help inmate complaints. My grievance was never answer [sic] by John Maul." Defendants have indicated that Dorsey has failed to properly pursue the administrative grievance process which Dorsey does not dispute. Thus, it is Dorsey that is to blame if the grievance is not proceeding satisfactorily. Also, in regards to the ultimate disposition of the grievance or the time elapsed since the grievance was filed there is no indication by Dorsey that Maul did anything inappropriate. Merely, complaining about the lack of success on a grievance is not sufficient to state a claim against Maul. Therefore, we grant the motion to dismiss the individual capacity claim against Maul. We also dismiss all claims pertaining to Dorsey's medical care because there is no indication that any of the listed defendants had any personal responsibility relating to Dorsey's medical care.


### B. Qualified Immunity

Defendants also argue that the individual capacity claim against Maul, Vivado, and Sheahan are barred because they are entitled to qualified immunity. Government officials are

5

protected by qualified immunity when they perform discretionary functions as long as they do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *See McDonnell v. Cournia*, 990 F.2d 963, 968 (7th Cir. 1993)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). We agree that the individual capacity claims may be dismissed on the basis of qualified immunity as well.

### C. Failure to Exhaust Administrative Remedies

Defendants argue that in regards to the allegations of Brown striking Dorsey, Dorsey failed to exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Defendants contend in regards to the allegation against Brown that Dorsey failed to complete the available grievance process prior to the filing of the instant suit. Dorsey has not responded to this argument and we conclude that there is sufficient indication that Dorsey has not exhausted his administrative remedies in regards to the Brown incident. Defendants have not made it clear whether or not Dorsey may still exhaust his administrative remedies and thus we grant the motion to dismiss the claim against Brown without prejudice. The retaliation claim is a separate matter and Plaintiffs have failed to allege that Dorsey failed to attempt to pursue the proper grievance procedures in regards to the retaliation claim.

## D. Failure to State a Retaliation Claim

Defendants argue that Dorsey has failed to state a claim for retaliation because he has not alleged a chronology of events from which retaliation can be inferred. The Seventh Circuit has recognized that an inmate may file a retaliation claim based upon attempts to hinder a prison grievance. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)(stating that the filing of a grievance may be "constitutionally protected speech" because it is "protected by the speech or petition clauses of the First Amendment" or hinders an inmate's "right of access to the courts"); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000)(stating that "a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996)(indicating that actions in retaliation for plaintiff's use of the inmate grievance system could violate his First Amendment rights).

Dorsey also alleges that Krauskopf threatened Dorsey with retaliation if he filed a Section 1983 claim. An inmate states a proper Section 1983 claim if he alleges that the prison actors acted against him in retaliation for the inmate "exercising his free speech rights" and it "chilled his ability to file lawsuits against prison officials and to file grievances within the prison system." *See Walker v. Bertrand*, 2002 WL 1429433,at *2 (7th Cir. 2002). In order to establish a claim of "retaliation for exercising free speech, an inmate must allege a chronology of events from which retaliation can be inferred and show that retaliation was a motivating factor for the defendants' conduct." *Id.* A threat of retaliation that prevents an inmate from exercising his First Amendment Constitutional rights can be sufficient for a Section 1983 retaliation claim. *Thomas v. Hill*, 963 F.Supp. 753, 756 (N.D. Ind. 1997)(acknowledging that an oral threat can be sufficient).

7

In his complaint Dorsey explicitly states that Krauskopf threatened to frame Dorsey for fighting with a guard if Dorsey filed a grievance or civil complaint relating to the Brown incident. Dorsey has since filed a Section 1983 claim and a prison grievance, but he fails to allege that Krauskopf followed through with his threat. Nor are there allegations by Dorsey that any false charges have been brought against him or that any other adverse actions were taken against him by Defendants after he filed the grievance and civil complaint. Dorsey cannot argue that the threats created a chilling effect and hindered his access to the courts or the prison complaint review system because he filed an action in this court and a grievance in prison. Therefore, we grant Defendants' motion to dismiss the retaliation claim against Krauskopf.

## CONCLUSION

Based on the foregoing analysis grant the motion to dismiss the official capacity claims against all Defendants. We also grant the motion to dismiss the individual capacity claims against Sheahan, Vivado, Maul, and Krauskopf. We grant the motion to dismiss the individual capacity claim against Brown without prejudice. We dismiss all claims pertaining to the alleged indifference to Dorsey's medical condition.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 23, 2004

8